IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   Case No. 03-CV-72258-DT
                                   )
CITY OF DETROIT, MICHIGAN          )   Hon. Julian A. Cook, Jr.
and the DETROIT POLICE             )   Magistrate Judge Scheer
DEPARTMENT,                        )
                                   )
          Defendants.              )
_____ )

**United States' Response to The Detroit Coalition Against Police Brutality's Motion For Intervention As of Right**

On June 12, 2003, the United States filed a Complaint against the City of Detroit ("City") and the Detroit Police Department ("DPD") alleging a pattern or practice of conduct by DPD officers subjecting individuals to uses of excessive force, false arrests, illegal detentions and unconstitutional conditions of confinement.  On the same date, the United States and the City filed two proposed Consent Judgments and a Joint Motion to Appoint a Monitor.

On July 1, 2003, the Detroit Coalition Against Police Brutality ("Coalition") filed an Answer to the Complaint and a motion to intervene as a party defendant.  This Court should deny the Coalition's motion because:  (1) the Coalition is an improper party defendant; (2) the Coalition's ability to protect its interest is not impaired or impeded by the entry of the proposed Consent Judgments; and (3) the Coalition's interests are

adequately represented by the United States.


DATED:   July 10, 2003

                                    Respectfully submitted,



JEFFREY G. COLLINS # P37260          RALPH F. BOYD, JR.
United States Attorney               Assistant Attorney General
Eastern District of Michigan         Civil Rights Division



_____            _Shanettee Y. Brown Cutlar_
PAMELA J. THOMPSON # P26056          SHANETTA Y. BROWN CUTLAR    by J E.
Executive Assistant United           Acting Chief
States Attorney                      Special Litigation Section
Eastern District of Michigan         Civil Rights Division



_Judith E. Levy_                     _Maura K. Lee_
JUDITH E. LEVY # P55882              MAURA K. LEE           by J Ed.
Assistant United States Attorney     JOHN A. HENDERSON
Eastern District of Michigan         Trial Attorneys
211 West Fort Street                 Special Litigation Section
Suite 2001                           Civil Rights Division
Detroit, MI 48226                    U.S. Department of Justice
Telephone: (313) 226-9727            Patrick Henry Building
Facsimile: (313) 226-4609            950 Pennsylvania Avenue NW
                                     Washington, DC  20530
                                     Telephone: (202) 514-6255
                                     Facsimile: (202) 514-4883

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,     )
                           )
         Plaintiff,     )
                           )
v.                      )  Case No. 03-CV-72258-DT
                           )
CITY OF DETROIT, MICHIGAN  )  Hon. Julian A. Cook, Jr.
and the DETROIT POLICE     )  Magistrate Judge Scheer
DEPARTMENT,             )
                           )
         Defendants.   )
_____)

**United States' Memorandum of Law in Support of its Response to
The Detroit Coalition Against Police Brutality's Motion For
Intervention As of Right**

U.S. DIST. COURT CLERK
EAST DIST MICH
DETROIT

'03 JUL 10 A9 45

FILED

## Table of Contents

Statement of the Question Presented............................iii

Table of Authorities...........................................iv

Background......................................................1

Argument........................................................2

     A.   The Coalition is Not A Proper Party Defendant.........2

     B.   The Coalition's Stated Interests Would Not Be Impaired
         By Entry of the Consent Judgments and Denial of This
         Motion..............................................3

     C.   The Coalition's Interests in the Consent Judgments are
         Adequately Represented By the United States...........6

Conclusion......................................................8

## QUESTION PRESENTED

Should this Honorable Court grant the "Coalition Against Police Brutality's Motion for Intervention as of Right" as a party in this matter where (1) the Coalition is not a proper party defendant, (2) the Coalition does not have a significant legal interest that could be impaired by an adverse ruling in this case and (3) the Coalition's interests in the Consent Judgments are adequately represented by the United States.

The United States respectfully answers "No."

## TABLE OF AUTHORITIES

**Federal Cases**

Grutter v. Bolinger,
188 F.3d 394, 397-98 (6th Cir. 1999).......................2, 3, 6

Jansen v. City of Cincinnati,
904 F.2d 336, 340 (6th Cir. 1990)...........................2, 3

Michigan State AFL-CIO v. Miller,
103 F.3d 1240, 1245 (6th Cir. 1997)............................3

Purnell v. City of Akron,
925 F.2d 941, 948 (6th Cir. 1991)..............................3

United States v. Armour & Co., 402 U.S. 673, 681 (1971)........7

United States v. City of Los Angeles, California,
288 F.3d 391 (9th Cir. 2002)...................................5

United States v. Michigan,
680 F.Supp. 928 (W.D. Mich. 1987)..............................8

**Federal Statutes**

42 U.S.C. § 14141.............................................5

**Federal Rules**

Fed. R. Civ. P. 24(a)..................................2, 3, 6,8

## I. Background

On June 12, 2003, the United States filed a Complaint against the City of Detroit ("City") and the Detroit Police Department ("DPD") alleging a pattern or practice of conduct by DPD officers subjecting individuals to uses of excessive force, false arrests, illegal detentions and unconstitutional conditions of confinement. On the same date, the United States and the City of Detroit filed two proposed Consent Judgments and a Joint Motion to Appoint a Monitor. The proposed Consent Judgments were negotiated between the United States and the City, as represented by Corporation Counsel. On June 18, 2003, the Detroit City Council ("Council") filed a motion to intervene pursuant to Federal Rule of Civil Procedure 24(a), and it filed a supplemental brief on June 20, 2003, identifying some "concerns" regarding a small number of provisions in the two proposed orders.

On June 26, 2003, the City filed a response opposing the Council's right to intervene as a party defendant in this case. The United States filed a response opposing the Council's motion to intervene on June 27, 2003. The Coalition's Motion for Intervention as of Right was filed on July 1, 2003.

## II. Argument

The Coalition seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), which provides in relevant part that:

> [u]pon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Proposed interveners must establish four elements in order to be entitled to intervene as a matter of right:

> (1) that the motion to intervene was timely; (2) that they have a substantial legal interest in the subject matter of the case; (3) that their ability to protect that interest may be impaired in the absence of intervention; and (4) that the parties already before the court may not adequately represent their interest.

Grutter v. Bolinger, 188 F.3d 394, 397-98 (6th Cir. 1999)(citing Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990)). In this case, the timeliness of the Coalition's motion is not an issue.

## A. The Coalition is Not A Proper Party Defendant

The Coalition claims that it would be an appropriate party *defendant* in this matter, and accordingly, it submitted an Answer to the Complaint admitting liability on all allegations. The Coalition simply is not an appropriate party to defend a lawsuit

-2-

alleging a pattern or practice of unconstitutional conduct by law enforcement. It is a community coalition and not an agent of municipal law enforcement. Accordingly, the United States will assume the Coalition erred in seeking to intervene as a party defendant (despite its clear intention to file an Answer to the Complaint, which only a defendant can do), and it will treat this as a motion by the Coalition to intervene as a plaintiff in this case.

**B.  The Coalition's Stated Interests Would Not Be Impaired By Entry of the Consent Judgments and Denial of This Motion**

As stated above, the first prong of the analysis requires the Court to examine the Coalition's legal interests in this case. Grutter, 188 F.3d 394, 397-98. The Sixth Circuit affords proposed interveners a "rather expansive notion of the interest sufficient to invoke intervention of right." Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1997). See also Purnell v. City of Akron, 925 F.2d 941, 948 (6th Cir. 1991); and Jansen, 904 F.2d at 338-39. The second prong of the analysis under Rule 24(a)(2) requires that the Court determine whether the proposed litigation may impair the Coalition's interests as a practical matter. Fed. R. Civ. P. 24(a)(2); Grutter, 188 F.3d at 399. In this case, the Court need not reach the question of whether the Coalition has a substantial legal interest in this litigation, because none of its articulated interests would be impaired or impeded if this motion is denied.

-3-

The Coalition identifies three interests:

1.   The interests of individual Coalition members in
     the complaints that remain pending and under
     investigation;

2.   [a]n interest of the Coalition is seeing true
     reform of illegal practices and policies that have
     been the subject of the U.S. Department of
     Justice's investigation; and

3.   [a]n interest in seeing citizen and victim input
     presently permitted under law is not foreclosed by
     entry of the proposed Consent Judgments.

Detroit Coalition Against Police Brutality's Motion, ¶ 10.

     As an initial matter, the City and the DPD have agreed to

provide the Council with an opportunity to vote on the proposed

Consent Judgments.  Accordingly, the Coalition's stated interest

in seeking public input in this case is now moot.

     Second, nothing in the proposed Consent Judgments has any

bearing on the outcome of individual litigants' cases against the

City and the DPD.  Indeed, the proposed Consent Judgments

expressly state that they are "not intended to impair or expand

the right of any person or organization to seek relief against

the City or its officials, employees or agents for their conduct

or the conduct of DPD officers."  (Consent Judgment - Use of

Force and Arrest and Witness Detention ¶ 11; Consent Judgment -

Conditions of Confinement ¶ 11).  Therefore, Coalition members

can proceed with any and all legal and administrative complaints

regardless of the outcome of the instant case.

-4-

Furthermore, nothing in this litigation prevents the Coalition from continuing to voice citizen concern, or from seeking to reform the DPD in addition to the mandates required in the proposed Consent Judgments. In fact, the Consent Judgments state that the DPD "shall continue to make available proposed policy revisions to the community, for their review, comment and education." (Consent Judgment - Use of Force and Arrest and Witness Detention ¶ 71; Consent Judgment - Conditions of Confinement ¶ 61). Moreover, the Coalition's stated interest of achieving true reform by requiring the DPD and the City to adopt and implement certain policies and practices that will stem the pattern and practice of Constitutional violations identified by the United States.[1] The Consent Judgments also improve community outreach and the quality of investigations regarding allegations of officer misconduct. (Consent Judgment - Use of Force and

---

[1]     Although the Coalition failed to cite this case, the Ninth Circuit reviewed a motion to intervene as of right filed by community groups and individuals in a case brought by the United States pursuant to 42 U.S.C. § 14141. United States v. City of Los Angeles, California, 288 F.3d 391 (9th Cir. 2002). In that case, the court held that the "Community Interveners'" motion to intervene as of right was properly denied because it was "doubtful" that the interveners' interests would be impaired by the litigation and the interveners failed to overcome the presumption that the United States, as a government litigant, would adequately protect their interests. Id. at 402. Although the Ninth Circuit remanded the case for the district court to consider permissive intervention which was ultimately granted, permissive intervention is discretionary and should not be granted in this case as the Coalition's interest in the Consent Judgments are adequately represented by the United States.

-5-

Arrest and Witness Detention Use of Force ¶¶ 61 - 69).

The Coalition's reliance on <u>Grutter</u> v. <u>Bolinger</u>, 188 F.3d 394, 397-98 (6th Cir. 1999) is misplaced. In <u>Grutter</u>, the Sixth Circuit reversed the district court's decision to deny the motion of proposed minority student interveners in a case challenging the University of Michigan Law School's affirmative action admissions program. <u>Grutter</u>, 188 F.3d 394, 399. The court did so because it determined that the interests of minority student interveners seeking admission to the Law School could be altered by the outcome of the litigation.

The Coalition cannot make the same claim in this case. The Coalition's members' pending complaints and ability to voice their concerns about the DPD will not be affected by the outcome of this case. Furthermore, the Coalition's articulated goal of reforming the DPD, can only be furthered with the entry of the proposed Consent Judgments. Thus, the <u>Grutter</u> court's analysis regarding impairment of the proposed intervener's interests leads to the opposite conclusion in this case. Accordingly, the Court should deny the Coalition's motion to intervene in this case.

**C.    The Coalition's Interests in this Case are
       Adequately Represented by the United States**

The Court need not reach the fourth prong of the analysis under Rule 24(a)(2), because a failure to meet any of the four elements is sufficient to deny the motion. <u>Grutter</u>, 188 F.3d 397. However, it is worth nothing that the Coalition fails to

-6-

articulate any argument that its interests in the Consent Judgments may not be adequately represented by the United States.

The Coalition asserts that its interests are not represented because the Consent Judgments have been negotiated. The Coalition suggests that the parties in this case have acted in "collusion" with one another because they "already came to an agreement before suit was even filed." Coalition's Brief at p. 12-13. This Court is no doubt aware that many complaints and stipulated orders to settle are submitted simultaneously, and that this does not raise even a hint of "collusion" between the parties. See United States v. Armour & Co., 402 U.S. 673, 681 (1971)(explaining that the parties to a consent decree have purposes that are generally opposed to each other, "and the resultant decree embodies as much of those opposing purposes as the respective parties have the bargaining power and skill to achieve").

In any event, the Untied States seeks to bring about reform in the DPD to stem the pattern and practice of constitutional violations. The Coalition has failed to show that the United States may not adequately represent its interests in this litigation and its motion should be denied.[2]

---

[2] The Coalition alternatively requests that it be granted status as amicus in "briefing and hearings regarding the existing parties' Motion to approve the proposed Consent Judgments." Coalition's Brief, p. 16. Although the Coalition has not briefed this issue, the question of whether to grant amicus curiae status

## Conclusion

For all of the reasons stated above, the United States respectfully requests that the Court deny the Coalition Against Police Brutality's Motion for Intervention as of Right, and that it proceed with entry of the proposed Consent Judgments.

DATED:  July 10, 2003

Respectfully submitted,

JEFFREY G. COLLINS # P37260
United States Attorney
Eastern District of Michigan

PAMELA J. THOMPSON # P26056
Executive Assistant United
States Attorney
Eastern District of Michigan

RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division

SHANETTA Y. BROWN CUTLAR
Acting Chief
Special Litigation Section
Civil Rights Division

---

is within the sound discretion of the Court.  United States v. Michigan, 680 F.Supp. 928 (W.D. Mich. 1987).  It appears that the Coalition wishes to achieve as amicus the result it is not entitled to obtain under Rule 24(a)(2), which is to re-open the negotiations on the proposed Consent Judgments and carve out a role for itself in their enforcement.  The Court should reject this request for the same reasons it should deny the Coalition's Motion for Intervention As of Right.

_Judith E. Levy_
JUDITH E. LEVY # P55882
Assistant United States Attorney
Eastern District of Michigan
211 West Fort Street
Suite 2001
Detroit, MI 48226
Telephone: (313) 226-9727
Facsimile: (313) 226-4609

_Maura K. Lee_
_by JEL._
MAURA K. LEE
JOHN A. HENDERSON
Trial Attorneys
Special Litigation Section
Civil Rights Division
U.S. Department of Justice
Patrick Henry Building
950 Pennsylvania Avenue NW
Washington, DC  20530
Telephone: (202) 514-6255
Facsimile: (202) 514-4883

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. 03-72258
                                )
CITY OF DETROIT, MICHIGAN       )    Hon. Julian A. Cook, Jr.
and the DETROIT POLICE          )    Magistrate Judge Scheer
DEPARTMENT,                     )
                                )
          Defendants.           )
_____ )

## CERTIFICATE OF SERVICE

     I, Susan Plochinski, certify that, on the 10th day of July,
2003, I hand-delivered a copy of the **United States' Response to
The Detroit Coalition Against Police Brutality's Motion for
Intervention As of Right, United States' Response to the Issue
of Amending the Caption** and **Order to Amend Caption** to the
following individuals:

Kwame M. Kilpatrick                Jerry A. Oliver, Jr.
Mayor                              Chief of Police
City of Detroit                    Detroit Police Department

Ruth C. Carter                     Hugh M. Davis
Corporation Counsel                Constitutional Litigation
Brenda Braceful                    Associates, P.C.
Deputy Corporation Counsel         450 W. Fort Street, Suite 200
City of Detroit                    Detroit, Michigan 48226
Attorneys for Defendants
1650 First National Building
660 Woodward Avenue
Detroit, MI 48226


_____
          Susan Plochinski
Paralegal, United States Attorney's Office
     Eastern District of Michigan