UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CITY OF DETROIT, MICHIGAN,
et al.,

    Defendants.
_____/

CIVIL ACTION NO. 03-72258

DISTRICT JUDGE JULIAN ABELE COOK, JR.

MAGISTRATE JUDGE DONALD A. SCHEER

## **ORDER**

This matter is before the magistrate judge pursuant to the October 26, 2007 Order of Reference directing the resolution of a dispute related to the fees of the court appointed Monitor. Following a series of status conferences, the matter was brought on for hearing on February 13, 2008. Having reviewed the record, and having had the benefit of oral argument, the court now enters the within Order.

The Complaint in this action was filed on June 12, 2003. On the same date, the parties submitted two proposed Consent Judgments and a Motion to Appoint a Monitor. Following a hearing on July 18, 2003, the district judge granted the Motion to Appoint a Monitor (Docket Entry 20). On the same date, the court approved the proposed Consent Judgments on use of force and arrest and witness detention (Docket Entry 22) and conditions of confinement (Docket Entry 23). Those Judgments were entered on July 21, 2003.

Sheryl Robinson Wood was appointed to serve in the role of Monitor. The Consent Judgments provided that the normal contracting process observed by the City of Detroit

would not apply to the court's selection of an independent Monitor in this case. Rather, a selection process was undertaken by which four potential candidates were interviewed at length. All of those entities proposed a fixed rate budget. At the conclusion of the process, the parties settled upon Ms. Wood. On August 4, 2003, the City filed a Motion Seeking Court Approval of the Monitor's Proposed Budget, and the United States filed a concurring Motion to Implement a Monthly Payment Schedule (Docket Entries 26-27). Following a hearing on August 19, 2003, the district judge entered an Order Adopting the Budget and Proposed Payment Schedule on August 26, 2003 (Docket Entry 30). The Order provided for a blended fee of $250.00 per hour over the projected life of the two Consent Judgments. Those Judgments will remain in effect through July 17, 2008, and the previously approved budget and billing structure remains in effect.

The parties originally anticipated that the reforms and policy implementations contemplated in the Consent Judgments would be completed within their original five month terms. Unfortunately, many commitments remain unfulfilled, and insufficient time remains within the original period to complete the City's undertakings. Accordingly, on June 20, 2007, Defendant City of Detroit filed a Motion to Extend the Consent Judgments (Docket Entry 255). The United States filed a Response to the Motion on July 31, 2007 (Docket Entry 269). On September 21, 2007, the Motion was brought on for hearing before the district judge. Thereafter, on October 26, 2007, the court granted the Motion in an Order which extended each of the Consent Judgments for an additional three years (Docket Entry 294). The Order did not address the issues of budgeting, compensation or payment terms during the three year extension.

Since the issuance of the Order of Reference on October 26, 2007, the parties have engaged in an ongoing dialog in an effort to resolve all issues relating to the Monitor's compensation. Significant progress has been made through that effort. Pursuant to the parties' agreements, it is ordered that:

1) The previously approved budget and payment arrangements for work related to the use of Force Consent Judgment and the conditions of Confinement Consent Judgments will remain in effect through July 17, 2008. That amount is $141,729.17 per month;

2) The Monitor's fees for years 6 through 8 will be a flat fee, to be calculated by projecting the number of hours reasonably likely to be devoted to this case during the three year extension and multiplying that number by a reasonable composite hourly rate;

3) During years 6 through 8, the City will continue to pay into an escrow account maintained by the court one thirty-sixth of the total flat fee each month, as payment toward the Monitor's fees and a fixed amount identified below for actual expenses; and

4) The flat fee will be reduced if the City achieves substantial compliance with both Consent Judgments in accordance with their terms such that the Monitor's duties cease to be performed.

The parties have been unable to reach agreement as to other issues, which are committed by the Order of Reference to the magistrate judge for resolution. Those include the Monitor's proposal of a 15% increase in the hourly fee approved by the court for the initial five year life of the Consent Judgments; the reasonableness of the Monitor's projection as to the hours necessary to complete the oversight of the City's unfinished commitments during the three year extension; and matters relating to the limitation and payment of expenses incurred by the Monitor in discharging its obligations under the extended judgments. All of those areas were addressed in the February 13, 2008 hearing. Based upon the evidence and argument presented at the hearing, it is further ordered that:

> 5) The composite rate for calculating the flat fee for years 6 through 8 shall be $287.50 per hour;
>
> 6) The total number of hours projected shall be 23,000, bringing the total flat fee for years 6, 7 and 8 to $6,612,500.00, payable in pro rata monthly installments on the schedule established in the Order of the district judge on August 25, 2003 (Docket Entry 30);
>
> 7) The Monitor shall continue to submit a Motion for Payment of Fees and actual expenses to the court on a monthly basis, and payment will be made by the court to the Monitor from its escrow account. The City shall be responsible for actual reasonable expenses up to $162,000.00 per year over the remaining term of the Consent Judgments. The City shall only be required to remit $10,000.00 per month to the court's

escrow account, so long as the account is sufficient to disperse all payments ordered by the court.  If, at any time, the balance in the escrow account is insufficient to make such payments, the Defendant shall, with reasonable promptness after being informed of the insufficiency, remit an additional payment to the escrow account in an amount that will eliminate the insufficiency.  The Monitor will continue to provide a detailed expense account statement, in the form and manner employed during the initial five year term of the Consent Judgments;

8) The Clerk of the Court shall provide the parties and the Monitor with the balance in the escrow account on a monthly basis, after all disbursements for that reporting period have been made; and

9) Once each quarter, the Monitor shall provide to each party, and by letter to the court, a fee statement that identifies each team member who has rendered services in connection with this case, the total number of hours worked by each team member during the quarter and the general subject areas to which the work pertained.  The first such statement shall be submitted after the first full quarter to occur after the new budget is ordered by the court.  The information contained in the Monitor's quarterly report of work performed may not be used to challenge the Monitor's flat fee or for any other purpose related to this case or the work of the Monitor.

10) The reasonable expenses (excluding attorney fees) incurred by the Monitor in connection with the resolution of the matters addressed in this Order shall be chargeable to the City of Detroit in the same manner as other expenses relating to the performance of the duties of the Monitor as prescribed in the Consent Judgments.

All of which is ordered at Detroit, Michigan, this 13th day of March, 2008.

<u>s/Donald A. Scheer</u>
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

_____

**CERTIFICATE OF SERVICE**

I hereby certify on March 13, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 13, 2008. **Sheryl Robinson Wood.**

<u>s/Michael E. Lang</u>
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217