UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                              Case No. 03-72258

CITY OF DETROIT,                            Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

On September 23, 2008, the Defendant, City of Detroit ("City"), filed a motion with the Court, seeking to be relieved of the responsibility to prepare the 2005 annual report which covered critical firearm discharges and in-custody deaths involving its police officers as required by one of the two consent judgments that had been entered in this case. The Plaintiff, United States of America, through its Department of Justice, has not expressed any opposition to this pending motion as of this date.

I

On July 22, 2003, this Court issued two consent judgments which bore the following descriptive entitlements; namely, "Use of Force and Arrest and Witness Detention" and "Conditions of Confinement." One provision within the "Use of Force and Arrest and Witness Detention" consent judgment (namely, Paragraph 41 ("¶ U41")) requires the Defendant, City of Detroit, to prepare annual reports that would cover critical firearm discharges and in-custody deaths

1

which involve members of its police department. The City of Detroit has filed the required ¶ U41 reports for 2006 and 2007 calendar years. However, the Court, in noting that the 2005 annual report had not been filed, directed the City to submit this document in writing to (1) the Chief of Police on or before September 5, 2008 and (2) the Court-appointed Monitor not later than October 3, 2008. However and acting upon the City's request,[1] the deadline for the submission of this report to the Chief of Police and the Monitor was subsequently extended to October 3, 2008 and October 30, 2008, respectively.

II

In support of its motion which is now pending before this Court, the City contends that the procedure for the development of an efficient method of gathering reliable information for inclusion in the requisite annual reports had not been firmly established in time for a timely submission of an accurate compilation of statistical data for use in the 2005 annual report. According to the City, this failing has resulted in the potential for inaccuracy in the reporting of the investigations that had been conducted by its police department. The City submits that, under these circumstances, it would be required to expend an estimated 175 hours for its personnel to garner all of the necessary data for inclusion in the now-overdue 2005 annual report. This, it argues, would "have a negative impact on the ability of [the police department] to carry out its core mission, namely, the investigation of critical force incidents and in-custody deaths as they occur."

The Court recognizes that the City, which has acknowledged its continuing obligation and commitment to fully satisfy the terms as well as the spirit of the two consent judgments, has recently undergone some highly publicized economic hardships involving the effective operation

---

[1]The United States concurred with this request for relief.

of its municipal government. The Court also believes that, under these circumstances, the use of comparatively scarce law enforcement personnel to compile statistical data for an annual report – now four years overdue – would not be an efficient utilization of its law enforcement officers at this time.

Accordingly, the Court will, and does, grant the City's motion to be relieved of the responsibility to prepare the 2005 annual report which covered critical firearm discharges and in-custody deaths involving its police officers as required by one of the two consent judgments that had been entered in this case.

IT IS SO ORDERED.

Dated: September 24, 2008      s/ Julian Abele Cook, Jr.
    Detroit, Michigan      JULIAN ABELE COOK, JR.
     United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 24, 2008.

     s/ Kay Alford
     Case Manager