UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

 -vs-                                                            Case number 03-72258
                                                                   Honorable Julian Abele Cook, Jr.

CITY OF DETROIT, MICHIGAN
and the DETROIT POLICE DEPARTMENT,

      Defendants.
_____/

### ORDER

On March 4, 2010, the Court directed the Defendants, the City of Detroit ("City") and the Detroit Police Department ("DPD"), to respond to several questions regarding, *inter alia*, (1) the procedures that had been adopted by the City's Office of the Chief Investigator (OCI) for the handling of its 1,049 backlogged citizen complaints, and (2) the DPD's proposed plan to combine a new early warning system with its existing Management Awareness System ("MAS") in an effort to satisfy the demands within the *Use of Force Consent Judgment*. On March 17, 2010, the City tendered written responses that, in the opinion of the Court, were deficient and incomplete in many respects, as will be explained more fully below.

I.    Backlog of OCI Complaints

As an initial matter, the Court is troubled by the language that was utilized by the City in describing the number of cases that had not been investigated by the OCI. It does not matter to the

1

Court whether (1) the City identified these cases with such words as backlogged, open, active, or aged, or (2) the number of cases which remain amongst its file system without any meaningful investigation and/or resolution begins at 1,049, 928, or 598. *See* City's Response at 1-2. In the final analysis, the main concern of the Court is that the OCI continues to carry an unacceptably high number of complaints from Detroit citizens which have yet to be investigated and/or resolved.

Similarly, in discussing the 314 citizen complaints that were closed between January 15, 2010 and March 1, 2010, the City issued a response which fosters confusion about many of the terms associated with the findings by the OCI. In its reading of the City's response, the Court was given very little guidance about what was meant by the wording which indicated that a file had been closed because (1) the DPD personnel was "exonerated," (2) a complaint was "void," or (3) a charge was "not sustained," and/or "unfounded."

However and perhaps of most concern was the City's revelation that the OCI had unilaterally closed a number of its cases for a variety of non-administrative reasons, including but not limited to (1) the lack of a response from a complaining witness, (2) the absence of an independent source of evidence of criminality or misconduct, (3) the fact that an allegation had been made against an individual who was no longer employed by the DPD, or (4) a finding that the officer's conduct was proper. The Court regards this practice as highly problematic and agrees with the City that any of the cases, which have been administratively closed on or after November 20, 2009, must be immediately reopened and fully investigated along with the remaining other cases which were identified by the OCI as being open files as of December 15, 2009.

Therefore and in light of these and other problems, the City is directed to take the following steps in order to expeditiously clear the backlog of pending cases within the OCI:

(1) Consistent with the representations that were made at the status conference on March 31, 2010, the City must develop a set of standard and consistently uniform operating policies and procedures by which all of its cases are to be opened, investigated and closed in a manner which comports with the procedural and substantive requirements of the *Use of Force Consent Judgment* within a period of thirty (30) days from the date of this order. These standard policies and procedures must be developed with the input and approval of the DOJ and the Independent Monitor.

(2) The City must develop a formalized case management system through which all OCI personnel (e.g., investigators and supervisors) must process their individual and collective caseloads. This case management system must be developed within a period of thirty days (30) from the date of this order with the input and approval of the DOJ and the Independent Monitor.

(3) The City must also ensure that all of its OCI personnel (e.g., investigators and supervisors) are trained on, and thoroughly familiar with, the new standard operating polices and procedures as well as the new case management system.

(4) Within a period of forty-five (45) days from the entry of this order, the City must furnish the Independent Monitor with a detailed written plan which identifies the steps that it will undertake to (a) clear all of the 1,049 backlogged cases, and (b) address and resolve any new cases.

(5) The City must resolve all of the 1,049 of the backlogged cases within a period of ninety (90) days from the entry of this order according to the standard operating policies and procedures identified above.

II. Management Awareness System ("MAS")

During the March 1, 2010 show cause hearing, the City acknowledged that MAS was not capable of satisfying all of its needs for a successful risk management database. The City also indicated that it was strongly considering the creation of a two-pronged "early warning system" which would involve the supplementation of the MAS with the IAPro system (developed by CI Technologies). However, in its written response, the City appears to have changed course and identified the Administrative Investigations Management (AIM) system (developed by On Target) as the likely supplement to MAS.

On March 31, 2010, the vendor of the AIM system conducted a preliminary demonstration

3

of its compatibility with MAS to the parties and the Independent Monitor. Although the presentation revealed certain capabilities and positive outcomes, the Court believes that a more thorough vetting process should be undertaken before the City invests its time, funds and other valuable resources in a new technology which may or may not satisfy the demands of the *Use of Force Consent Judgment*.

Accordingly, the City is directed to adopt the following steps with regard to the development of a risk management database:

(1) Within a period of thirty (30) days of the date of this order, the City must confer with the DOJ and the Independent Monitor to identify (a) a complete listing of companies that have developed successful risk management databases and/or systems for use by law enforcement agencies and/or departments throughout the nation, and (b) a complete listing of law enforcement agencies and/or departments that have implemented and are utilizing effective risk management databases and/or systems which track, and/or have the capacity to track, data similar to that required by paragraph 80 of the *Use of Force Consent Judgment.*

(2) Within a period of sixty (60) days of the date of this order, the City must - with the assistance and joint participation of the DOJ and the Independent Monitor - visit those law enforcement departments and/or agencies throughout the nation that have successfully utilized the effective risk management databases which have been identified in paragraph (1)(b) above. In making its selection of the law enforcement departments and/or agencies to be visited, the City is encouraged - with the input of the DOJ and the Independent Monitor - to identify those law enforcement departments and/or agencies with similar sizes and/or needs of the DPD.

(3) On or before July 22, 2010, the City must furnish the Court with a written plan for engaging in a competitive "request for proposal" (RFP) process for the selection of a vendor to develop a risk management database which fully satisfies the requirements of the *Use of Force Consent Judgment*. In developing this written plan, the City is strongly encouraged to seek the inclusion and the input of the DOJ and the Independent Monitor- to the extent practicable - as a part of the RFP process.

IT IS SO ORDERED.

| | |
|---|---|
| Dated:   April 19, 2010<br>        Detroit, Michigan | S/Julian Abele Cook, Jr.<br>JULIAN ABELE COOK, JR.<br>United States District Court Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 19, 2010.

                                                                   s/ Kay Doaks<br>
                                                                   Case Manager