UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                      District Judge: Julian A. Cook, Jr.
v                                         Magistrate Judge: Hon. Donald Scheer

CITY OF DETROIT,                     Case No. 03-cv-72258 DT

        Defendant.
_____/

**DEFENDANT'S RESPONSE TO VENABLE'S REQUEST
FOR FEES AND EXPENSES**

NOW COMES Defendant City of Detroit ("City") and objects to payment of any of the fees and expenses submitted by Venable related to the monitorship of the Detroit Police Department ("DPD") by Venable and Sheryl Robinson Wood ("Wood").

**DISCUSSION**

The payment sought by Venable represents work allegedly performed by Sheryl Robinson Wood and her team members, employed by Venable up until July 19, 2009 in monitoring the DPD, along with expenses accumulated over a period of several months. On July, 23, 2009 Sheryl Wood tendered her resignation to the Court and in an Order of July 24, 2009, the Court concluded that Wood had "engaged in conduct which was totally inconsistent with the terms and conditions of the two Consent Judgments in this litigation" (Dkt. 401.) The actions by Wood, which the Court found improper, date back to 2003 and continued at least through January 2005, perhaps longer.

From July 2003 through June 2009 the City paid Wood and her employers, Kroll, Saul Ewing and Venable the sum of $10,049,493.33. Based on the Court's July 24, 2009 Order it is clear that had the Court been aware of Wood's conduct in 2003, her

1

monitorship along with that of her employer would have been terminated at that time. Her failure to disclose the nature of her improper relationships and conduct in 2003 resulted in her and her employers, including Venable, receiving millions of dollars which they would not otherwise have received. It is instructive to note that the Venable claim includes a submission for time spent by Wood at the hourly rate of $525.00. The fact that Venable makes this claim, even after knowing that Wood's conduct was deemed improper by the Court, casts serious doubt upon any claim it may submit.

The City is now contemplating litigation against Wood, Kroll, Saul Ewing and Venable to recoup monies paid to these entities under the mistaken belief that the federally appointed Independent Monitor was acting in a manner consistent with the terms and conditions of the two Consent Judgments in this litigation.

**CONCLUSION**

To allow Wood, Venable and its employees to receive money for either fees or expenses related to this monitorship knowing that it has been in a flawed state for many years would constitute a reward for improper conduct. It may also act as an impediment to the City in its efforts to seek a determination whether it is entitled to a recovery of all, or any portion, of monies paid to Wood and her employers, including Venable. For these reasons, the City objects to payment of both fees and expenses presented to the Court by Venable.

Respectfully submitted,

_____/s/_____
Allan M. Charlton (P-11805)
Attorney for Defendant
City of Detroit Law Department
660 Woodward Avenue, Ste. 1650
Detroit, MI 48226
CharltonA@detroitmi.gov

Dated: July 15, 2010

2

## **CERTIFICATE OF SERVICE**

I certify that on July 15, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of the filing to all attorneys of record.

I further certify that, promptly after receiving electronic confirmation of the filing, I will e-mail a copy of the filed document to the following non-EFC participant:

>Robert Warshaw
>email address: rochtopcop@aol.com