UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                                    Case number 03-72258
                                                               Honorable Julian Abele Cook, Jr.

CITY OF DETROIT, MICHIGAN
and the DETROIT POLICE DEPARTMENT,

    Defendants.

## ORDER

Currently before the Court are two motions from the Petitioners, Kroll (ECF No. 437) and Venable, LLP (ECF No. 460), both of whom seek to obtain the payment of fees and expenses there were incurred pursuant to the monitorship of the above-entitled action. The Defendant, the City of Detroit, has expressed its objections to both motions (ECF Nos. 450; 464), but the Plaintiff, the United States of America (represented in this action by the Department of Justice ("DOJ")), does not object to requested payment of fees and/or expenses. (ECF Nos. 447; 468).

On July 23, 2009, the Court accepted the resignation of Sheryl Robinson Wood from her official position as the independent federal monitor in this cause following a review of documents *in camera* that led it to conclude that she "had engaged in conduct which was totally inconsistent with the terms and conditions of the two Consent Judgments." (ECF No. 401). The following day, the Court entered an order which suspended all monitoring of this case effective immediately. On August 11, 2009, the Court ordered the former monitoring team to prepare a closing memorandum that would identify any work that (1) had been completed prior to the suspension of the monitorship,

1

and (2) had not been memorialized in its then-most recent quarterly report. (ECF No. 403). This order also directed the City to compensate the former team members for any work required to complete the memorandum at an hourly rate of $287.50.

Acting upon this order, Kroll filed a motion on June 9, 2010, for the payment of fees in the amount of $17,077.48 and expenses in the sum of $297.57 which were associated with the preparation of the final memorandum. While the City does not have any objection to the requested fees, it does object to a portion of the claimed expenses; to wit, $222.60 for expenses incurred by Robinson Wood. These expenses are (1) $195.20 in travel expenses for a July 22, 2009 flight; (2) a $23.45 service fee arising out of the July 22nd flight; and (3) $3.95 in connection with conferences services on July 29, 2009. The City states that it "does not believe that payment of expenses incurred by Ms. Wood was contemplated in [the] August 11, 2009 order." (Def.'s Resp. ¶ 2).  The Court agrees. The order of August 11th addressed charges that would be incurred by the Petitioners exclusively for the preparation of the final memorandum. Accordingly, Kroll's motion expressly relates to the period of July 25, 2009 - the day after the monitorship was suspended - through September 10, 2009 - the date on which Kroll submitted the required memorandum. In summary, those expenses which pertained to a July 22 flight are neither within the time period nor the subject matter covered by the August 11 order. Furthermore, the Court also agrees that the claimed expense by Robinson Wood for conference services on July 29, 2009, is inappropriate inasmuch as her resignation had been proffered, accepted, and finalized six days prior to July 29th conference date. Furthermore, there is no evidence that she was a member of the team that worked on the final

memorandum.[1] Therefore, the City will not be required to pay the three contested charges. Kroll's motion will be granted only to the extent of the remaining charges; namely, (1) $17,077.48 in fees for professional services and (2) $74.97 in expenses.

Turning to the second motion now pending before the Court, the record indicates that on July 10, 2010, Venable filed a motion for the payment of (1) professional fees and expenses which covered the period of June 18, 2009, through July 17, 2009, and (2) expenses for the period of May through October 2009. Although the DOJ does not object to the motion, deeming this Petitioner's request to be "consistent with the Court's . . . orders regarding payment." (Pl.'s Resp. at 1), the City objects, contending that such a remittance "would constitute a reward for improper conduct [and] may also act as an impediment to the City in its efforts to seek a determination whether it is entitled to a recovery of all, or any portion, of monies paid to Wood and her employers." (Def.'s Resp. at 2). For the reasons that were stated in the December 21, 2010 order (ECF No. 519) - in which the City's request for an order imposing sanctions on Robinson Wood and her monitoring team was denied - the Court concludes that it will overrule the City's objections.

For the reasons that have been set forth above, (1) Kroll's motion is granted in part, in the amount of $17,152.45, and (2) Venable's motion for payment of fees and expenses in the amounts of (a) $95,251.92 for the period of June 18 to July 17, 2009, and (b) $1,281.72 for expenses from May to October of 2009 is granted.

IT IS SO ORDERED.

---

[1] The only individuals listed on the fees invoice are: Ron Filak, Denise Lewis, Lane McFarlane, Thomas DeGonia, and Ruth Lathe.

Dated: February 28, 2011                       s/Julian Abele Cook, Jr.
        Detroit, Michigan                 JULIAN ABELE COOK, JR.
                                           United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on February 28, 2011.

                                                                   <u>s/ Kay Doaks</u>
                                                                    Case Manager