UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                            Case number 03-72258
                                                    Honorable Julian Abele Cook, Jr.

CITY OF DETROIT, MICHIGAN
and the DETROIT POLICE DEPARTMENT,

      Defendant.

_____/

## ORDER

Ten years ago, on July 18, 2003, the City of Detroit ("City") entered into two consent judgments with the Department of Justice ("DOJ") in response to allegations that the City, through its Police Department ("DPD") had engaged in a pattern or practice of (1) using unlawful levels of force in its arrests and detentions, and (2) providing unconstitutional or otherwise unlawful living conditions to prisoners confined in the DPD's holding cells.

The Monitor's most recent Quarterly Report found that the City is in compliance with 91% of the Consent Judgments' requirements. The Court recognizes the achievement of the City in reaching this level of compliance. However, the Court notes with concern that the out-of-compliance paragraphs are some of the Consent Judgments' most critical requirements. In particular, the Court is troubled by the continuing difficulties the DPD has in documenting and investigating the use of force by its officers.

On November 16, 2012, the Court directed the City to identify the individuals responsible

for ensuring compliance within six designated areas of the Consent Judgments. The Court has become aware that significant personnel changes have occurred at the Department that affect this directive. In particular, the individual identified as responsible for the Conditions of Confinement Consent Judgment is no longer employed by the Department. The Court additionally directs the City to identify the head of the Department's Civil Rights Integrity Bureau ("CRIB"). Further, the Chief is required to notify the Court through the Monitor before personnel changes are made within CRIB.

The Court notes that the City has entered unchartered territory with the appointment of Kevyn Orr as Emergency Manager. So that the record is clear as to accountability, the City shall submit, within a week of the date of this Order, a description of the line of authority above the Chief of Police, including but not limited to the supervisory roles of the Mayor, Emergency Manager, and Chief Compliance Officer. The City must identify to whom the Chief ultimately reports, including any intermediate supervisors.

The Court reminds the Chief of his continuing obligation to consult with the Monitor on all decisions that could impact compliance with the Consent Judgments, including but not limited to (1) the procurement of equipment, (2) the issuance of new or alteration of existing policies and special orders, and (3) changes in executive personnel. The Chief is directed to communicate weekly with the Monitor. The City is reminded of its continuing obligation to comply with this Court's Orders.

IT IS SO ORDERED.

Dated:     July 19, 2013              s/Julian Abele Cook, Jr.
           Detroit, Michigan          JULIAN ABELE COOK, JR.
                                      United States District Judge