UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  -vs-                                     Case No. 03-72258
                                            Honorable Julian Abele Cook, Jr.

CITY OF DETROIT, MICHIGAN
and the DETROIT POLICE DEPARTMENT,

    Defendants.

## ORDER

Ten years ago, on July 18, 2003, the City of Detroit ("City") consented to the entry of two Consent Judgments with the Department of Justice ("DOJ") in response to allegations that its Police Department ("DPD") had engaged in a pattern or practice of (1) using unlawful levels of force in achieving arrests and detentions, and (2) providing unconstitutional or otherwise unlawful living conditions to those prisoners who were confined in the DPD's holding cells.

In the Monitor's most recent Quarterly Report, he concluded that the City was in compliance with ninety three percent (93%) of the requirements within the Consent Judgments. The Court recognizes the achievement of the City in reaching this level of compliance, and, in particular, notes that it has reached total compliance with the Conditions of Confinement Consent Judgment.

However, the City remains out of compliance with twelve percent (12%) of those requirements within the Use of Force Consent Judgment. As previously noted by this Court, the out of compliance paragraphs are some of the most critical requirements within the Consent Judgments. In order to assist the City in reaching full compliance with these requirements, the Monitor is directed to increase the frequency of its visits to Detroit, as discussed with the Parties at their last

status conference on October 17, 2013. Further, and in addition to the regularly scheduled quarterly visits to Detroit, the Monitor and his team are directed to return to this community at such additional times, as may be necessary to expedite their mission. These increased visitations to Detroit shall include (1) the identification of specific reasons for the inability or refusal of the City to achieve full compliance with the balance of the Use of Force Consent Judgment; (2) identifying the reasons why these requirements have fallen out of compliance, as identified in the previous quarterly assessment; (3) establishing a comprehensive plan for addressing those issues that have impeded full compliance; (4) working closely with the Civil Rights Integrity Bureau to enhance the effectiveness of the City's internal auditing process; (5) providing more immediate feedback on identified problems; and (6) assessing the necessary training needs and operational issues.

Upon the conclusion of each of the monthly site visits, the Monitor shall confer with the Court regarding the City's progress on each of the specific initiatives identified above. The Court may, in light of the Monitor's findings, consider alternative approaches to the frequency and breadth of future oversight that may become necessary to balance the warranted independence of the DPD and the need for lasting compliance with the Use of Force Consent Judgment.

IT IS SO ORDERED.

Date: December 19, 2013				s/Julian Abele Cook, Jr.
						JULIAN ABELE COOK, JR.
						U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on December 19, 2013.

                                                s/ Kay Doaks
                                                Case Manager